FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 8 2020

JAMES W. McCORMACK, CLERK
By:_____
PLAINTIFF DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LASHANNA GIRTMON, Individually and on
Behalf of All Others Similarly Situated**

vs.                                        No. 4:20-cv- *762 – DPM*

**VERA LLOYD PRESBYTERIAN FAMILY**                    **DEFENDANTS**
**SERVICES, INC., and VERA LLOYD**
**PRESBYTERIAN FOUNDATION, INC.**      This case assigned to District Judge *Marshall*
                                        and to Magistrate Judge *Kearney*

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Lashanna Girtmon ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Vera Lloyd Presbyterian Family Services, Inc., and Vera Lloyd Presbyterian Foundation, Inc. (collectively "Defendant" or "Defendants"), she states and alleges as follows:

## I.   PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    Defendant employed Plaintiff at its location within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiff is an individual and resident of Ashley County.

7.    Separate Defendant Vera Lloyd Presbyterian Family Services, Inc. ("VLP Family Services"), is a domestic, non-profit corporation.

8.    VLP Family Services' registered agent for service is Donna Mahurin, at 1501 North University Avenue, Prospect Building, Suite 345, Little Rock, Arkansas 72207.

9.    Separate Defendant Vera Lloyd Presbyterian Foundation, Inc. ("VLP Foundation"), is a domestic, non-profit corporation.

10.    VLP Foundation's registered agent for service is Donna Mahurin, at 1501 North University Avenue, Suite 345, Little Rock, Arkansas 72207.

11.    Defendants maintain a website at https://www.veralloyd.org/.

## IV.    FACTUAL ALLEGATIONS

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

14.    Upon information and belief, revenue generated by VLP Family Services and VLP Foundation is merged and managed in a unified manner.

15.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

17.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18.    Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19.    Defendant operates a youth home in Monticello, including residential living, therapeutic group homes, emergency shelter and respite care programs.

20.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21.     At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

22.     Defendant employed Plaintiff as an hourly-paid employee within the three years preceding the filing of this lawsuit.

23.     Specifically, Plaintiff worked for Defendant as a House Parent from September of 2019 to June of 2020.

24.     Defendant hired other individuals to work as House Parents as well.

25.     As a House Parent, Plaintiff's duties included spending time with the children and youth, counting money, counting and passing out medication, and taking residents to doctor appointments.

26.     Other House Parents had the same or similar duties as Plaintiff.

27.     Plaintiff and other House Parents worked twelve-hour shifts.

28.     Other House Parents were also classified as non-exempt from the overtime requirements of the FLSA and were paid an hourly wage.

29.     At all relevant times herein, Defendant directly hired House Parents to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30.     Plaintiff and other House Parents regularly worked over forty hours per week.

31.    Plaintiff and other House Parents regularly worked hours for which they were not paid.

32.    Specifically, Defendant instructed House Parents to exclude overtime hours worked when reporting their time. In other words, House Parents were required to report forty hours per week or less, even if they worked more than forty hours that week.

33.    Until around December of 2019, House Parents were on a schedule where one week they worked Monday, Thursday, Friday, and Saturday, and on the other week they worked Sunday, Tuesday and Wednesday.

34.    During this schedule, Plaintiff and other House Parents worked at least eight hours off the clock every other week.

35.    After around December of 2019, Defendant changed the House Parent schedule so that House Parents worked Thursday to Thursday, with each Thursday shift being four hours and the shifts in between being twelve hours. The House Parents were then off until the next Thursday (i.e., eight days on, six days off).

36.    During this schedule, Plaintiff and other House Parents worked at least twelve hours off the clock every other week.

37.    Because Plaintiff and other House Parents worked hours which went uncompensated, Defendant failed to pay Plaintiff and other House Parents a lawful overtime premium for all hours worked over forty each week.

38.    Defendant knew or should have known that Plaintiff and other House Parents were working additional hours which they were not compensated.

39.    Defendant has deprived Plaintiff and other House Parents of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

40.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

41.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

43.     Plaintiff proposes the following class under the FLSA:

**All hourly House Parents in the past three years.**

44.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

45.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

46.     The members of the proposed FLSA class are similarly situated in that they share these traits:

A.      They were paid hourly;

B.      They had the same or substantially similar job duties, requirements and pay provisions;

C.      They were subject to Defendant's common policy of requiring House Parents to shave their time when recording their hours;

D.      They were subject to Defendant's common policy of requiring hourly employees to work overtime off the clock; and

E.      They were subject to Defendant's common policy of failing to pay hourly employees for all hours worked.

47.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds seven (7) persons.

48.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

49.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

50.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

51.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

52.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

55.     Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

56.     Defendant failed to pay Plaintiff for all hours worked, including one and one-half times her regular rate for all hours worked in excess of forty hours per week.

57.     Defendant knew or should have known that its actions violated the FLSA.

58.     Defendant's conduct and practices, as described above, were willful.

59.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

60.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

62.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

63.    Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

64.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66.    Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

67.    Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including one and one-half times their regular rate for all hours worked in excess of forty hours per week.

68.    Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

69.    Defendant knew or should have known that its actions violated the FLSA.

70.     Defendant's conduct and practices, as described above, were willful.

71.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

72.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

73.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

74.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

75.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

76.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages

for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

78.    Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

79.    Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

80.    Defendant knew or should have known that its practices violated the AMWA.

81.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

82.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lashanna Girtmon, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.      An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LASHANNA GIRTMON, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LASHANNA GIRTMON, Individually and**                                    **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                        No. 4:20-cv-_____

**VERA LLOYD PRESBYTERIAN FAMILY**                              **DEFENDANTS**
**SERVICES, INC., and VERA LLOYD**
**PRESBYTERIAN FOUNDATION, INC.**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Vera Lloyd Presbyterian Family Services, Inc., and/or Vera Lloyd Presbyterian Foundation, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**LASHANNA GIRTMON**
June 18, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**