## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**LASHANNA GIRTMON, Individually**
**and on Behalf of All Others Similarly Situated**                    **PLAINTIFF**


v.                                    **No. 4:20-cv-762-DPM**

**VERA LLOYD PRESBYTERIAN FAMILY**
**SERVICES, INC., and VERA LLOYD**
**PRESBYTERIAN FOUNDATION, INC.**                    **DEFENDANTS**

### ORDER

Vera Lloyd owns and operates a youth home in Monticello, Arkansas, that provides residential living, therapeutic group home, emergency shelter, and respite care programs. Girtmon worked there as a house parent. She seeks to conditionally certify a FLSA collective for all of Vera Lloyd's house parents employed since mid-June 2017. *Doc. 5*. She says the house parents were paid by the hour, worked at least eight hours off the clock every other week until sometime in December 2019, and worked at least twelve hours off the clock every other week after December 2019. As a result, Vera Lloyd didn't pay them for all the hours they worked exceeding forty hours per week. Vera Lloyd opposes the collective. It says the house parents aren't covered by the federal or state statutes, Girtmon isn't similarly situated to anybody else, and it isn't clear that others want to join this lawsuit.

The motion, *Doc. 5*, is granted as modified.   The Court conditionally certifies a group of house parents who worked at Vera Lloyd's Monticello youth home since 18 June 2017.   Girtmon has met the lenient applicable standard of showing that this group's members are similarly situated to one another.   *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009).   She's also made the modest factual showing—through her pleading and affidavit—that the same kind of wage violation allegedly harmed all members of the group.   *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 Mar. 2013).   Within the group, the employees had similar duties and were subject to uniform pay policies.   The group appears small—approximately seven.   We'll see in due course whether there's enough interest to justify continuing with a collective action. Vera Lloyd's other arguments go to the merits and are for a later day. The Court therefore conditionally certifies this collective:

> All house parents employed at Vera Lloyd's Monticello, Arkansas youth home since 18 June 2017.

Please change the proposed notice and consent forms to reflect the modified group definition.   Vera Lloyd must post notice in the youth home.   Notice to group members by either U.S. mail or email (at group counsel's election) is fine.   One follow-up by postcard is fine, too.   When sending notice, do not enclose the pleadings.   Vera Lloyd doesn't have to provide phone numbers, but it must provide all the other contact

information by 9 October 2020. The opt-in period will close on 8 January 2020. The Court otherwise overrules Vera Lloyd's objections.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

25 September 2020